FILED
MAR - 9 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:22CR00139 MTS/SRW** |
| v. ) | |
| ) | |
| NAQUAN POWERS, ) | |
| ) | |
| Defendant. ) | |

## INDICTMENT

The Grand Jury Charges:

### BACKGROUND

At all times relevant to the Indictment:

1. Defendant Naquan Powers resided in the Eastern District of Missouri.

2. At all times relevant to this Indictment: Fifth Third Bank, Ally Bank, and Discover Bank were all financial institutions within the meaning of Title 18, United States Code, Section 20, because they were financial institutions insured by the Federal Deposit Insurance Corporation.

3. At all times relevant to this Indictment, Arsenal Credit Union was a financial institution within the meaning of Title 18, United States Code, Section 20, because it was a credit union with accounts insured by the National Credit Union Share Insurance Fund.

4. From at least June 2019, Defendant Naquan Powers has been using the personally identifiable information ("PII") of individuals other than himself, including names, dates of birth,

1

and Social Security Numbers, to apply for loans to complete vehicle purchases from car dealerships in the St. Louis area.

5.     In applying for financing to purchase these vehicles, Defendant also presented identification documents, including fraudulent driver's licenses and a fraudulent Social Security Card, containing the PII of victims A.M. and A.T. Defendant's photograph appeared on the fraudulent driver's licenses.

## COUNTS 1 THROUGH 3
## 42 U.S.C. § 408(a)(7)(B): Misuse of Social Security Number

6.     Paragraphs 1 through 5 are re-alleged and incorporated herein.

On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**NAQUAN POWERS,**

with the intent to deceive, and for the purpose of obtaining anything of value from another person and for any other purpose, falsely and fraudulently represented his Social Security Number to be one of the Social Security Numbers as enumerated below, when in fact this Social Security Number was assigned to victims A.M. or A.T., the aliases used by Defendant **NAQUAN POWERS,** in that the defendant submitted auto loan applications falsely listing the Social Security Numbers not lawfully issued to the defendant to the financial institutions as described below:

| COUNT | DATE | LENDER | SSN USED |
|---|---|---|---|
| 1 | 6/24/2019 | Fifth Third Bank | ***-**-8060 |
| 2 | 7/24/2019 | Ally Bank | ***-**-1499 |
| 3 | 8/5/2019 | Arsenal Credit Union | ***-**-1499 |

2

All in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNTS 4 THROUGH 6
## 18 U.S.C. § 1344: Bank Fraud

7.      Paragraphs 1 through 5 are re-alleged and incorporated herein.

On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**NAQUAN POWERS,**

did knowingly and willfully execute and attempt to execute a scheme or artifice to defraud and to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of the financial institutions listed below, which were financial institutions as defined in 18 U.S.C. § 20, by means of materially false and fraudulent pretenses, representations, and promises, to wit: by completing and causing to be completed applications for loans and lines of credit from the below named motor vehicle dealerships and creditors, falsely stating that the defendant was the lawfully assigned user of the Social Security Numbers described below:

| COUNT | DATE | CREDITOR | SSN USED |
|---|---|---|---|
| 4 | 6/24/2019 | Fifth Third Bank | ***-**-8060 |
| 5 | 7/24/2019 | Ally Bank | ***-**-1499 |
| 6 | 8/5/2019 | Arsenal Credit Union | ***-**-1499 |

All in violation of Title 18, United States Code, Section 1344.

## COUNTS 7 THROUGH 9
## 18 U.S.C. §1028A: Aggravated Identity Theft

8. Paragraphs 1 through 5 are re-alleged and incorporated herein.

On or about the dates listed below, within the Eastern District of Missouri, the defendant,

**NAQUAN POWERS,**

did knowingly possess, transfer, and use, without lawful authority, a means of identification of another person, to wit, the names and Social Security Numbers of the individuals listed below, knowing that the means of identification belonged to another actual person, during and in relation to the commission of the felony offense of bank fraud, Title 18, United States Code, Section 1344:

| COUNT | DATE | VICTIM |
| --- | --- | --- |
| 7 | 6/24/2019 | A.T. |
| 8 | 7/24/2019 | A.M. |
| 9 | 8/5/2019 | A.M. |

All in violation of Title 18, United States Code, Section 1028A.

## COUNT 10
## 18 U.S.C. § 1344 & 2: Bank Fraud

9. Prior to on or about February 7, 2019, Defendant **NAQUAN POWERS**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and willfully execute a scheme and artifice to obtain the money and funds owned by, and in the custody and control of, Discover Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation,

4

by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Sections 1344 & 2.

## THE SCHEME TO DEFRAUD

10. It was part of the scheme that defendant **NAQUAN POWERS**, aided and abetted by others known and unknown to the Grand Jury, did cause a change of contact information for the Discover Bank account ending in -0668, belonging to victim S.M.; specifically, S.M.'s contact email address was changed to an email address associated with Defendant, and S.M.'s home address was changed to an address associated with Defendant.

11. It was further part of the scheme that subsequent to the change of contact information for the Discover Bank account belonging to victim S.M., Defendant, aided and abetted by others known and unknown to the Grand Jury, directed replacement cards and cash advance checks to be mailed to an address associated with Defendant.

12. It was further part of the scheme that after Discover Bank mailed these replacement cards and cash advance checks, Defendant, aided and abetted by others known and unknown to the Grand Jury, caused one of these checks to be made payable to and transmitted to aider and abettor J.R.

13. It was further part of the scheme that on or about February 7, 2019, J.R. executed and attempted to execute the scheme to defraud by cashing this check in the amount of $4,000.00, representing that J.R. was a lawful recipient of these funds, despite the fact that, as Defendant, well knew, J.R. was not the lawful recipient of these funds.

All in violation of Title 18, United States Code, Sections 1344 & 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Counts 4, 5, 6, and 10, the defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to said violation.

2.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3.  Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1344 as set forth in Counts 4, 5, 6, and 10, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained directly or indirectly, as the result of such violations.

4.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

5.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said violation.

6.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING,
United States Attorney

_____
DIANE E.H. KLOCKE, #61670MO
Special Assistant United States Attorney