UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cr-00139-MTS |
| NAQUAN POWERS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This closed criminal case is before the Court on Defendant Naquan Powers's pro se Motion requesting that his restitution payments be deferred until he is released from the Bureau of Prison's (BOP) custody. Doc. [107].[1] For the following reasons Defendant's Motion will be denied.

**I. BACKGROUND**

On March 30, 2023, Defendant pleaded guilty to four counts of bank fraud in violation of 18 U.S.C. § 1344, and three counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. Doc. [98]. According to Defendant's plea agreement with the Government, Defendant agreed that "any fine or restitution imposed by the Court will be due and payable immediately." Doc. [77] at 13. On August 17, 2023, this Court sentenced Defendant to 111 months imprisonment and a five-year term of supervised release. Doc. [98]. Defendant was also ordered to pay $266,467.90 in restitution and a special assessment of $700.00. *Id*. This Court also imposed the following minimum payment schedule:

> All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties … If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program

---

[1] Defendant is incarcerated at Thomson FCI and his release date is January 23, 2031; https://www.bop.gov/inmateloc/ (last visited July 30, 2024).

1

> at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $500, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment.

Doc. [91] at 5. Defendant did not pay all criminal monetary penalties in full immediately. Instead, Defendant is required to make quarterly payments of $25.00 through the BOP Inmate Financial Responsibility Program (IFRP). *See* Doc. [123-1]. To date, Defendant has paid a total of $50.00 toward his special assessment and has paid nothing toward restitution. *Id*.

## II. LEGAL STANDARD

"[A]n order of restitution is a final judgment" that can only be corrected, appealed, amended, or adjusted in limited circumstances. 18 U.S.C. § 3664(o). "After the initial order has become final, the district court is authorized by § 3664(k) to adjust the payment schedule" or require immediate payment in full "'as the interest of justice requires.'" *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005) (citing 18 U.S.C. § 3664(k)). Further, "the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k); *see Vanhorn*, 399 F.3d at 886 (affirming the denial of an inmate's motion to adjust or eliminate restitution payments where the defendant was unable to show a material change in his economic circumstances as required under 18 U.S.C. § 3664(k)).

## III. DISCUSSION

Defendant's Motion does not demonstrate how his financial situation has changed in any material way since the restitution payment schedule was established at sentencing. *See* Doc. [91] at 5.[2] The Motion generically seeks to defer his restitution obligation until he is released from incarceration and states that he "ha[s] to pay 25 dollars a quarter which will raise over time if I receive any help or

---

[2] At sentencing, when Defendant's payment schedule was imposed, the Court considered the criteria listed in 18 U.S.C. § 3664(f), such as Defendant's financial resources, projected earnings, and other income.

even with the job I have. I make 0.12/twelve cents an hour." Doc. [107] at 1.[3] These bare assertions do not entitle Defendant to the relief he seeks. *See United States v. Forland*, 4:21-cr-00603-RLW, 2023 WL 11052574, at *6 (E.D. Mo. July 24, 2023) ("The Court finds that Defendant fails to meet her burden to prove there has been a material change in her economic circumstances since the time of sentencing that might affect her ability to pay restitution.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Defer Restitution, Doc. [107], is **DENIED**.

Dated this 30th day of July, 2024

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[3] Defendant attached to his Motion a form that explains how the quarterly funds are calculated for the IFRP and a work performance rating form used to determine if an inmate should receive a bonus.